UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD STEPHEN DRAPER,<br><br>Plaintiff,<br><br>v.<br><br>KCG AMERICAS LLC, et al.,<br><br>Defendants. | Case No.18-cv-02524-HSG<br><br>**ORDER STRIKING IMPERMISSIBLE FILING; DENYING MOTION TO CONSOLIDATE; DENYING MOTION TO STAY; GRANTING MOTIONS TO DISMISS**<br><br>Re: Dkt. Nos. 13, 18, 21, 30, 31 |

Pending before the Court are a motion to consolidate, a motion to stay, and three motions to dismiss. For the reasons set forth below, the Court **DENIES** the motion to consolidate, **DENIES** the motion to stay, and **GRANTS** the motions to dismiss. The Court also **STRIKES** an impermissible filing by Plaintiff Ronald Draper.[1]

**I.      BACKGROUND**

Plaintiff has named 14 defendants in this action:

- KCG Americas, LLC ("KCG"), Main Street Trading, Inc., and Wedbush Securities, Inc. ("Wedbush"), as well as several of the companies' individual officers (collectively referred to as "the Wedbush Defendants");
- ION Trading, Inc. ("ION") and several of the company's individual officers (collectively referred to as "the ION Defendants"); and
- Computer Voice Systems, Inc. ("CVS") and several of the company's individual officers (collectively referred to as "the CVS Defendants").

The Court will collectively refer to the Wedbush Defendants, the Ion Defendants, and the CVS

---

[1] The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b).

Defendants as "Defendants."

## A. Factual Allegations

In 2013, Plaintiff entered a business venture with his business partner, Bright Harry[2], to trade electronic commodity futures spreads. *See* Dkt. No. 1 (Complaint, or "Compl.") ¶¶ 1, 6. Plaintiff contributed the initial capital in the amount of $275,000, while Harry "provided the operational expenses, skills, knowledge, technology, and carried out the actual trading." *Id.* ¶ 7. On November 6, 2013, Main Street Trading, an introducing broker, connected Plaintiff and Harry with KCG, a broker with whom they opened a trading account. *See id.* ¶¶ 12, 14. The account "was opened under [Plaintiff's] name only for easier tax filing with the IRS." *Id.* ¶ 12. Later, KCG would be acquired by Wedbush, another broker. *Id.* ¶ 17. At all relevant times, KCG and Wedbush outsourced the management of their trading platform to two entities: CVS, which handled the front-end, and ION, which ran the back-end. *See id.* ¶¶ 24-25.

Beginning on November 15, 2013, Harry regularly experienced technical issues with the trading platform. *See id.* ¶ 83. On that day, for example, the platform failed "to route and clear" his trade orders. *Id.* Issues persisted through April 28, 2015. *See id.* ¶¶ 84-123.[3] Plaintiff alleges that some of these failures resulted in missed trade opportunities. *See id.* ¶¶ 86 (alleging a "total loss of . . . missed trade opportunities" amounting to $394,400); 94 ($127,600); 116 ($5,000). When Plaintiff "closed out all his open trading positions" on April 28, 2015, $6,621.49 of his initial contribution of $275,000 remained in the account. *Id.* ¶ 123.

Plaintiff avers a total of 11 causes of action in the Complaint, including fraudulent concealment, fraudulent misrepresentation, breach of fiduciary duty, breach of contract, "aiding and abetting" fraud, violation of several California consumer protection statutes, "employment of manipulative computer software programs, computer servers, electronic trading facility and manipulative scheme to defraud" him, and elder financial abuse.

---

[2] Harry is the plaintiff in a separate, related action before this Court. *See Harry v. KCG Americas LLC*, No. 17-cv-2385-HSG.
[3] Plaintiff cites—often in conclusory fashion—to exhibits in a "Comprehensive Exhibits File Folder." He indicates these are on file with the Court. They are not, and so the Court disregards these references.

### B. Procedural Posture

Plaintiff filed his Complaint on April 27, 2018. Dkt. No. 1 ("Compl."). The case was related to *Harry v. KCG Americas LLC*, No. 17-cv-2385-HSG, on May 15, 2018. Dkt. No. 10.

On June 4, 2018, Defendants moved to dismiss Plaintiff's Complaint. Dkt. Nos. 13, 18, 21. Plaintiff and Harry, in turn, filed what they purported to be a joint opposition to Defendants' motions in both related cases. Dkt. No. 32 ("Opp."). Defendants replied on June 25, 2018. Dkt. Nos. 34, 36, 37.

On June 20, 2018, Plaintiff filed motions to consolidate, Dkt. No. 30 ("Consolidation Mot."), and to stay, Dkt. No. 31 ("Stay Mot."), both of which he purported to jointly file with Harry. The motions themselves appear to be identical to those filed in Harry's case, although the attachments are different. Defendants filed oppositions on July 3, 2018. Dkt. Nos. 44, 45, 46, 48. Plaintiff replied on July 9, 2018. Dkt. Nos. 50, 51.

On July 26, 2018, Plaintiff filed a response to a request for supplemental briefing made by the Court in Harry's case. *See* Dkt. No. 55.

## II. DISCUSSION

### A. The Court Strikes Plaintiff's Impermissible Filing.

As a preliminary matter, Plaintiff filed unsolicited briefing on a matter irrelevant to this action—namely, Harry's motion for judicial review in the related case. *See Harry*, Dkt. No. 114 (request for supplemental briefing). Plaintiff did not seek or obtain the Court's leave to file this briefing—which he did after Defendants filed their reply in support of their motions to dismiss, in violation of the local rules. *See* Civ. L.R. 7-3(d) (stating that "[o]nce a reply is filed, no additional memoranda, papers or letters may be filed without Court approval," subject to exceptions not relevant here). Accordingly, the Court strikes Docket Number 55.

### B. The Court Denies the Motions to Stay and Consolidate.

Plaintiff seeks (1) consolidation of his action with Harry's, and (2) a stay pending resolution of certain underlying administrative proceedings, Harry's motion for judicial review, and consolidation of his and Harry's actions. The Court denies both motions.

### 1. Motion to Consolidate

Plaintiff contends that absent consolidation of his action with Harry's, the cases will be "unadjudicatable" because they are so complex. *See* Consolidation Mot. at 4. Plaintiff further argues that the actions "seek to represent substantially the same Plaintiffs Harry and Draper, for essentially the same claims based on similar allegations," against the same Defendants. *Id.* at 5. Upon consolidation, Plaintiff seeks permission to file a consolidated complaint. *See id.* Defendants uniformly oppose the motion.

Under Federal Rule of Civil Procedure 42(a), a court may consolidate actions if they "involve a common question of law or fact." The district court enjoys "broad discretion under this rule to consolidate cases pending in the same district." *Investors Research Co. v. U.S. Dist. Court for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989); *see also Snyder v. Nationstar Mortg. LLC*, No. 15-cv-03049-JSC, 2016 WL 3519181, at *2 (N.D. Cal. June 28, 2016) (same). In exercising this "broad discretion," the district court "weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." *Huene v. U.S.*, 743 F.2d 703, 704 (9th Cir. 1984), *on reh'g*, 753 F.2d 1081 (9th Cir. 1984); *see also Snyder*, 2016 WL 3519181, at *2 (same).

While these cases are largely identical with respect to the relevant questions of law and fact, the conduct of Plaintiff and Harry thus far demonstrates that consolidation would likely result in further inconvenience to the Court and Defendants, not to mention additional expense to the latter. There are strong indications that Harry, who is not an attorney, has improperly been acting in a representative capacity on behalf of Plaintiff, given the joint filings submitted by both and the similar language of their complaints. Consolidating the cases, particularly given the pro se status of the plaintiffs in both, would only blur the lines even more and make it more difficult to ensure that Plaintiff and Harry are representing only themselves. Moreover, the Court has already related the cases, which suffices in terms of preserving judicial economy under these circumstances.

Accordingly, the Court exercises its broad discretion and denies Plaintiff's motion to consolidate.

### 2. Motion to Stay

Next, Plaintiff seeks a stay of this action pending the resolution of certain underlying administrative proceedings before the Commodity Futures Trading Commission ("CFTC"), Harry's motion for judicial review, and the consolidation of the two actions. Stay Mot. at 3. As noted above, the Court denies the motion to consolidate. Moreover, because the Court has denied Harry's motion for judicial review, the only remaining argument is that the Court should stay this action pending the CFTC proceedings. Defendants uniformly oppose the motion.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In order to issue a stay, courts consider: (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254-55). Whether to stay an action is a matter entrusted to the discretion of the district court. *See Landis*, 299 U.S. at 254 ("How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). But *Landis* also "cautions that if there is even a fair possibility that the stay . . . will work damage to [someone] else, the stay may be inappropriate absent a showing by the moving party of hardship or inequity." *Dependable Highway Express, Inc. v. Navigators Ins. Co*, 498 F.3d 1059, 1066 (9th Cir. 2007) (citing *Landis*, 299 U.S. at 255) (internal quotation marks omitted).

Based on Plaintiff's litigation conduct thus far, the Court finds that a stay would "work damage" to Defendants, rendering it inappropriate. While it may be true that Plaintiff's proceedings before the CFTC are ongoing, it seems certain that a stay would needlessly prolong

5

Defendants' litigation with Plaintiff—who has demonstrated an unwillingness to, for example, abide by the local rules—and further complicate this action. Given the insufficiency of Plaintiff's showing of "hardship or inequity," a stay is not warranted.

Accordingly, the Court exercises its discretion and denies Plaintiff's motion to stay.

### C. The Court Grants Defendants' Motions to Dismiss.

As relevant here, Defendants contend that Plaintiff's federal claims under the Commodity Exchange Act, 7 U.S.C. §§ 1 *et seq.* ("CEA"), are time-barred and accordingly seek dismissal on that basis. The Court finds that dismissal with prejudice is warranted.

#### 1. Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nonetheless, Courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). And even where facts are accepted as true, "a plaintiff may plead [him]self out of court" if he "plead[s] facts which establish that he cannot prevail on his . . . claim." *Weisbuch v. Cnty. of Los Angeles*, 119 F.3d 778, 783 n.1 (9th Cir. 1997) (quotation marks and citation omitted).

A statute of limitations defense may be raised by a motion to dismiss "[if] the running of

the statute is apparent on the face of the complaint." *Ledesma v. Jack Stewart Produce, Inc.*, 816 F.2d 482, 484 n.1 (9th Cir. 1987); *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980). But a complaint may not be dismissed unless it appears "beyond doubt" that the plaintiffs can prove no set of facts that would establish the timeliness of the claim. *Hernandez v. City of El Monte*, 138 F.3d 393, 402 (9th Cir. 1998).

"Pleadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). For that reason, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations marks and citations omitted). If dismissal is still appropriate, a court "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citation and internal quotation marks omitted).

### 2. Discussion

The ION Defendants and CVS Defendants contend that Plaintiff's claim under the CEA is untimely, as he filed it more than two years after the limitations period ran. *See* Dkt. No. 13 at 5; Dkt. No. 21 at 6-7.[4] Moreover, the CVS Defendants argue that upon dismissal of the CEA claim, this Court loses federal question jurisdiction, leaving the Court free to decline the exercise of supplemental jurisdiction over the state-law claims. *See* Dkt. No. 13 at 5. The Court agrees.

Actions filed under the CEA must "be brought not later than two years after the date the cause of action arises." 7 U.S.C. § 25(c). "Federal courts . . . generally apply a discovery accrual rule when a statute is silent on the issue." *Rotella v. Wood*, 528 U.S. 549, 555 (2000). In those cases, "a cause of action accrues when the plaintiff knows or has reason to know of the injury that is the basis of the action and the cause of that injury." *Gregg v. Haw., Dep't of Pub. Safety*, 870 F.3d 883, 887 (9th Cir. 2017); *see also Shak v. JPMorgan Chase & Co.*, 156 F. Supp. 3d 462, 473 (S.D.N.Y. 2016) (stating that CEA's two-year statute of limitations "begins to run upon discovery

---

[4] The Wedbush Defendants argue that Plaintiff's Complaint violates the *contractual* statute of limitations included in their account agreement. *See* Dkt. No. 18 at 5-6. The Court need not reach this argument, as Plaintiff's action is plainly time-barred by the CEA's limitations period.

7

of the injury") (citation and internal quotation marks omitted); *Premium Plus Partners, L.P. v. Goldman, Sachs & Co.*, 648 F.3d 533, 536 (7th Cir. 2011) ("Section 25(c) of the Commodity Exchange Act . . . says that suit must be filed within two years of 'the date the cause of action arises.' We have understood this to mean the date on which the investor discovers that he has been injured."). It is "discovery of the injury, not discovery of the other elements of the claim," which "starts the clock." *Rotella*, 528 U.S. at 555.

Plaintiff alleges that the "relevant period" for purposes of his CEA claim is from August 5, 2013 to April 28, 2015. Compl. ¶ 2. Plaintiff avers that on April 28, 2015, Defendants' "mind-boggling, egregiously manipulative fraud perpetrated on Harry and Draper by Defendants . . . forced Harry to close out all the open trading positions in [their account], and to never ever trade with or have any more business dealings whatsoever with all the Defendant-Fraudsters." *Id.* ¶ 18. In other words, the allegations of the Complaint make clear that by April 28, 2015, Plaintiff was aware of the injury for which he now brings suit under the CEA, because Defendants' alleged fraud forced him and Harry to shut down their trading account. Because Plaintiff admits to knowing "of the injury that is the basis of [his] action," *see Gregg*, 870 F.3d at 887, his CEA claim accrued on April 28, 2015. The statute of limitations ran two years later, on April 28, 2017—nearly an entire year before Plaintiff filed this Complaint. *See* 7 U.S.C. § 25(c). Accordingly, the "running of the statute is apparent on the face of the complaint," *see Ledesma*, 816 F.2d at 484 n.1, and Plaintiff's action is time-barred.

Plaintiff mentions the statute of limitations argument in his opposition brief once, and devotes only a single, short, conclusory sentence to it. *See* Opp. at 42 ("Draper also satisfied the Statute of Limitations that is tolled[.]").[5] That is insufficient to carry his "burden of establishing

---

[5] There are other problems with the opposition, too: as with many other filings in this case, Harry (who is not an attorney) appears to have drafted this brief on Plaintiff's behalf, violating the well-settled rule "that a non-lawyer has no authority to appear as an attorney for others than himself." *Johns v. Cnty. of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) (citation and internal quotation marks omitted). Moreover, the brief—which is styled as a joint opposition to the motions to dismiss pending in both related cases—deals almost exclusively with Harry's case, and says little on behalf of Plaintiff. The brief also violates the local rules because it is 39 pages long. *See* Civil L.R. 7-3(a) (limiting opposition briefs to 25 pages). These obvious issues notwithstanding, the Court exercises its discretion to reach the substance of the motions to dismiss.

8

two elements" that demonstrate the propriety of equitable tolling: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *See In re Milby*, 875 F.3d 1229, 1232 (9th Cir. 2017) (citation omitted). Assuming Plaintiff had carried that burden, the most obvious basis for equitable tolling would be fraudulent concealment. *See De David v. Alaron Trading Corp.*, 814 F. Supp. 2d 822, 828 (N.D. Ill. 2011) ("[E]ven if . . . plaintiffs suffered losses that ordinarily would have made their CEA claims discoverable at an earlier time, plaintiffs have also alleged fraudulent concealment (Count XI), which tolls the limitations period during the time that defendants concealed their wrongdoing from plaintiffs."); *Kolbeck v. LIT Am., Inc.*, 923 F. Supp. 557, 565 (S.D.N.Y. 1996) (noting that plaintiffs bringing CEA claim "invoked the doctrine of equitable tolling" on a fraudulent concealment theory). While it is true that Plaintiff alleges fraudulent concealment as a cause of action, *see* Compl. ¶¶ 162-85, that alleged conduct took place long before he was aware of Defendants' alleged harm on April 28, 2015, when the limitations period began to run. Fraudulent concealment requires a showing "of affirmative conduct upon the part of the defendant which would, under the circumstances of the case, lead a reasonable person to believe that he did not have a claim for relief." *Volk v. D.A. Davidson & Co.*, 816 F.2d 1406, 1415 (9th Cir. 1987). Here, Plaintiff not only has failed to allege anything that could plausibly be construed as such conduct by Defendants—he has affirmatively alleged that he was aware of his injury on April 28, 2015, well after the alleged fraudulent concealment took place.

Accordingly, the Court grants Defendants' motions to dismiss Plaintiff's claim under the CEA. Further, because the Court finds that there are no additional facts that Plaintiff could truthfully plead that would render this claim timely, the dismissal is with prejudice. *See Weisbuch*, 119 F.3d at 783 n.1; *Lopez*, 203 F.3d at 1130.

### 3. Remaining Jurisdictional Issues

Without Plaintiff's CEA claim, this Court lacks federal question jurisdiction, as Plaintiff's remaining causes of action arise under California law. Moreover, there is no basis for diversity jurisdiction, as there is not complete diversity between Plaintiff and Defendants. *Compare* Compl. ¶ 31 (alleging that Plaintiff is a resident of Newark, California), *with id.* ¶ 37 (alleging that

9

Defendant Main Street Trading, Inc. is a California corporation); *see Lee v. Am. Nat'l Ins. Co.*, 260 F.3d 997, 1004 (9th Cir. 2001) (holding that "to bring a diversity case in federal court against multiple defendants, each plaintiff must be diverse from each defendant"). And, while the Court may exercise supplemental jurisdiction over Plaintiff's remaining state-law claims, it may decline to do so if, as here, it has dismissed all claims over which it has original jurisdiction. *See Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) (citing 28 U.S.C. § 1367(c)(3)). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Id.* (citation omitted) (original brackets). The Court finds this to be "the usual case," and accordingly declines to exercise supplemental jurisdiction and dismisses Plaintiff's state-law claims without prejudice, for lack of jurisdiction.

## III. CONCLUSION

For the foregoing reasons, the Court **STRIKES** Docket Number 55; **DENIES** Plaintiff's motion to consolidate; and **DENIES** Plaintiff's motion to stay. Further, the Court **GRANTS** Defendants' motions to dismiss as follows: Plaintiff's federal claims are **DISMISSED WITH PREJUDICE** and his state-law claims are **DISMISSED WITHOUT LEAVE TO AMEND, BUT WITHOUT PREJUDICE** to refiling in state court. The Clerk is directed to close the case.

**IT IS SO ORDERED.**

Dated: 8/27/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge