UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD STEPHEN DRAPER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>KCG AMERICAS LLC, et al.,<br><br>　　　　Defendants. | Case No. 18-cv-02524-HSG<br><br>**ORDER DENYING MOTION TO AMEND ORDER**<br><br>Re: Dkt. No. 76 |

Pending before the Court is the Wedbush Defendants' motion under Federal Rule of Civil Procedure 59(e) to amend the Court's August 27, 2018 order, *see* Dkt. No. 66, which dismissed Plaintiff Ronald S. Draper's claims, without prejudice to re-filing the state-law claims in state court.[1] *See* Dkt. No. 76 ("Mot."). Plaintiff responded on October 9, in an opposition that also appears to ask the Court to vacate the August 27 order dismissing his complaint. *See* Dkt. No. 79 ("Opp.") at 2. The Wedbush Defendants replied on October 16. *See* Dkt. No. 81.[2] For the following reasons, the Court **DENIES** the motion to amend.

In what can only be described as a bizarre case, Plaintiff's 81-page Complaint named 14 defendants and brought 11 causes of action, including fraudulent concealment, fraudulent misrepresentation, breach of fiduciary duty, breach of contract, "aiding and abetting" fraud, violation of several California consumer protection statutes, "employment of manipulative computer software programs, computer servers, electronic trading facility and manipulative

---

[1] As in the Court's August 27 order, the term "Wedbush Defendants" as used here refers to KCG Americas, LLC, Main Street Trading, Inc., Wedbush Securities, Inc., and those companies' individually named officer defendants. *See* Dkt. No. 66 at 1.

[2] The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b).

scheme to defraud" him, and elder financial abuse. *See* Complaint, Dkt. No. 1; *see also* Dkt. No. 66 at 2 (summarizing Plaintiff's claims). The Court dismissed Plaintiff's federal claims as time-barred under the Commodity Exchange Act's ("CEA") two-year statute of limitations. *See* Dkt. No. 66 at 7. But in dismissing the case, the Court expressly declined to reach the Wedbush Defendants' argument that Plaintiff's claims were barred by a contractual statute of limitations contained in their account agreement. *See id.* at 7 n.7. Left only with causes of action arising under California law, the Court found that this was the "usual case" in which "judicial economy, convenience, fairness, and comity" pointed towards declining to exercise supplemental jurisdiction under the pendent jurisdiction doctrine, consequently dismissing those claims without prejudice. *See id.* at 10 (quoting *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) (internal quotations omitted)).

"There are four grounds upon which a Rule 59(e) motion may be granted: 1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; 2) the moving party presents newly discovered or previously unavailable evidence; 3) the motion is necessary to prevent manifest injustice; or 4) there is an intervening change in controlling law." *Turner v. Burlington N. Santa Fe R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (internal quotations and emphasis omitted). The Wedbush Defendants base their motion on the first and third grounds: they contend that the Court committed a manifest error of law by refusing to assume pendent jurisdiction over Plaintiff's state-law claims, which they say should have dismissed with prejudice, thus "causing a manifest injustice against the Wedbush Defendants," which necessitates Rule 59(e) relief. *See* Mot. at 5.

First, the Court did not commit a manifest error of law by declining to exercise supplemental jurisdiction and not reaching the question of whether Plaintiff's state law claims were barred by a contractual statute of limitations. The Wedbush Defendants contend that "[i]nvoking pendent jurisdiction requires minimal resources by the Court because the contractual limitations clause applies to all of Draper's claims against the Wedbush Defendants and its temporal limit is the same as the two-year limitations provision in the CEA." Mot. at 3. But determining whether the purported contractual statute of limitations is applicable and enforceable

2

will require reviewing the contract and applying state law. The balance of pendent jurisdiction factors points towards this question of state law being determined by a state court, rather than by this Court on a Rule 59(e) motion after it has already declined to reach the question. Because this is the usual case in which judicial economy, convenience, fairness, and comity weigh towards declining to exercise supplemental jurisdiction, the Court finds that it did not commit a manifest error of law.

Second, granting the Wedbush Defendants' Rule 59(e) motion is not necessary to prevent manifest injustice. The Wedbush Defendants contend that they "will be unnecessarily subjected to the same claims and associated injustice in a state court proceeding," especially "given Draper's . . . prior disregard of Court orders and general contempt of the judicial process." Mot. at 5. But if the enforceability of the contractual limitations clause is as airtight as the Wedbush Defendants assert it to be, they will surely be able to obtain a prompt dismissal if Plaintiff re-files his state law claims in a court well-versed with the applicable state law. Assuming pendent jurisdiction over the state law claims is not necessary to prevent manifest injustice.

Because the Court finds that it did not commit a manifest error of law and no manifest injustice will result from declining to exercise supplemental jurisdiction over Plaintiff's state law claims, the Wedbush Defendants' Rule 59(e) motion is **DENIED**.

**IT IS SO ORDERED.**

Dated: 4/18/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge