UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD STEPHEN DRAPER,<br><br>    Plaintiff,<br><br>v.<br><br>KCG AMERICAS LLC, et al.,<br><br>    Defendants. | Case No. 18-cv-02524-HSG<br><br>**ORDER DENYING MOTION TO VACATE**<br><br>Re: Dkt. No. 77 |

Pending before the Court is Plaintiff Ronald Stephen Draper's motion to vacate the Court's August 27, 2018 order denying the motion to consolidate and dismissing his case. *See* Dkt. No. 77 ("Mot.").[1] Because Draper has not established any basis for why the judgment should be vacated, the Court **DENIES** the motion.[2]

Draper brought his 81-page complaint in April 2018, naming 14 defendants and averring 11 causes of action, including fraudulent concealment, fraudulent misrepresentation, breach of fiduciary duty, breach of contract, "aiding and abetting" fraud, violation of several California consumer protection statutes, "employment of manipulative computer software programs, computer servers, electronic trading facility and manipulative scheme to defraud" him, and elder financial abuse. *See* Complaint, Dkt. No. 1; *see also* Dkt. No. 66 at 1–2 (summarizing Draper's claims). On August 27, 2018, the Court denied Draper's motion to consolidate his case with

---

[1] Draper, who is proceeding pro se, styled his motion as "Plaintiffs Draper's and Harry's Joint Motion to Vacate Their Respective Judgments" and captioned the motion to include a related case, *Harry v. KCG Americas LLC, et al.*, Case No. 17-cv-2385-HSG. Harry is proceeding pro se in his own case and filed an identical motion. Because the Court previously denied Harry and Draper's motions to consolidate their cases, *see* Dkt. No. 123 at 5, the Court will analyze each of these motions independently.
[2] The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b).

Harry's and granted Defendants' motion to dismiss. *See* Dkt. No. 66. The Court held that Draper's federal claims were time-barred under the Commodity Exchange Act because Draper filed his lawsuit more than two years after his claims had accrued. *See id.* at 7–9.

Draper moves to vacate the Court's dismissal order, citing Federal Rules of Civil Procedure 41(b), 59(e), and 60(b) and asserting that relief is warranted because of the violation of Federal Rule of Civil Procedure 12(b)(7) for failing to join parties, the Supreme Court's decision in *Lucia v. Securities and Exchange Commission*, manifest errors of fact and law and manifest injustice, violations of his Constitutional rights, and fraud. *See* Mot. at 2–4.

Federal Rule of Civil Procedure 41(b) governs involuntary dismissals and does not provide a basis for relief here. Rule 59(e) allows a party to move to alter or amend a judgment. "There are four grounds upon which a Rule 59(e) motion may be granted: 1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; 2) the moving party presents newly discovered or previously unavailable evidence; 3) the motion is necessary to prevent manifest injustice; or 4) there is an intervening change in controlling law." *Turner v. Burlington N. Santa Fe R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (internal quotations and emphasis omitted). Rule 60(b) allows a party to move for relief from a judgment for specified reasons, including if the judgment was obtained due to the fraud, misrepresentation, or misconduct of an opposing party. "To prevail, the moving party must prove by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct and the conduct complained of prevented the losing party from fully and fairly presenting the defense." *De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 880 (9th Cir. 2000).

The Court finds that altering or vacating the order is unwarranted because there is no basis to disturb the finding that Draper's claims are outside of the statutory limitations period. In his motion, Draper acknowledges that he "filed his [Complaint] on April 27, 2018, after the 2 year Statute of limitations." Mot. at 10. However, he contends that the statute of limitations should be subject to equitable tolling because he was "pursuing his rights diligently at the CFTC Tribunal until he realized that the Tribunal was extremely biased against him and his Trading Partner, Harry, and (CFTC) committed fraud" and that his attorneys refused to file a lawsuit on behalf of

himself and Harry within the statutory period. *See id.* at 18. Draper carries the "burden of establishing two elements" to demonstrate the propriety of equitable tolling: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *See In re Milby*, 875 F.3d 1229, 1232 (9th Cir. 2017) (citation omitted). Draper cannot meet his burden to show an extraordinary circumstance that prevented him from filing his claim within the limitations period. The only basis he asserts is his attorneys' refusal to file a complaint, the proof of which is supposedly contained in exhibits on file with the Court. *See* Mot. at 18. But these exhibits are not on file or in the record, and the Court has already put Draper on notice that exhibits he references that are not in the record will be disregarded by the Court. *See* Dkt. No. 66 at 2 n.3. Accordingly, the Court finds that Draper has not met his burden to equitably toll the statute of limitations and holds that his claims are time-barred.

Because the prior dismissal order finding Draper's claims time-barred was not premised on any manifest error of law or fact, relief is not necessary to prevent a manifest injustice, and the ruling was not obtained due to fraud, the Court **DENIES** the motion to vacate. The Clerk is **DIRECTED** to enter judgment in favor of Defendants, consistent with the Court's August 27, 2018 order, Dkt. No. 66. The Court will rule on the pending motion for attorneys' fees and costs, Dkt. No. 70, in a separate order.

**IT IS SO ORDERED.**

Dated: 4/19/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge