UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD STEPHEN DRAPER, <br> Plaintiff, <br> v. <br> KCG AMERICAS LLC, et al., <br> Defendants. | Case No. 18-cv-02524-HSG <br><br> **ORDER DENYING MOTION FOR ATTORNEYS' FEES** <br><br> Re: Dkt. No. 70 |

Pending before the Court is Defendant Main Street Trading Inc.'s ("Main Street") motion for attorneys' fees and costs. *See* Dkt. No. 70 ("Mot."). For the following reasons, the Court exercises its discretion to **DENY** the motion for attorneys' fees.

On August 27, 2018, the Court granted Defendants' motion to dismiss, holding that Plaintiff Ronald S. Draper's federal claims were time-barred under the Commodity Exchange Act because Draper filed his lawsuit more than two years after his claims had accrued. *See* Dkt. No. 66 at 7–9. Main Street filed this motion for attorneys' fees on September 10, 2018, seeking $66,093.50 in attorneys' fees and $620 in costs. *See* Mot. Draper opposed on September 24, in a filing that does not directly respond to the arguments raised in support of fee award but rather attacks the underlying proceedings. *See* Dkt. No. 75 ("Opp."). Main Street replied on October 1. *See* Dkt. No. 78 ("Reply").[1]

Main Street contends that it is entitled to attorneys' fees and costs under the terms of an account agreement between Draper and KCG Americas LLC, for which Main Street served as the introducing broker. *See* Mot. at 2–3. The account agreement Main Street references provides that the "Broker shall be entitled to recover its attorneys fees . . . if it is the prevailing party in any

---

[1] The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b).

dispute with Customer" and that "laws of the State of Illinois" apply to the agreement. *See* Mot. at 3; *see also* Mot. Ex. A ¶ 6. Main Street submits billing records and biographies of its attorneys to justify the fees and costs it seeks. *See* Mot. Exs. A, B, C.

Under Illinois law, "[p]rovisions in contracts for awards of attorney fees are an exception to the general rule that the unsuccessful litigant in a civil action is not responsible for the payment of the opponent's fees." *Kaiser v. MEPC Am. Properties, Inc.*, 518 N.E.2d 424, 427 (Ill. App. Ct. 1987). "In all cases, however, only those fees which are reasonable will be allowed, the determination of which is left to the sound discretion of the trial court." *Id.* (internal citations omitted). Because the trial judge is familiar with the litigation and "the successful litigant's attorney is still entitled to payment from his own client . . . the trial court has broad discretionary powers in awarding the attorney fees sought and its decision will not be reversed unless the court has abused its discretion." *Wildman, Harrold, Allen & Dixon v. Gaylord*, 740 N.E.2d 501, 506 (Ill. App. Ct. 2000). After reviewing detailed billing records, "the trial court should consider a variety of additional factors such as the skill and standing of the attorneys, the nature of the case, the novelty and/or difficulty of the issues and work involved, the importance of the matter, the degree of responsibility required, the usual and customary charges for comparable services, the benefit to the client, and whether there is a reasonable connection between the fees and the amount involved in the litigation." *Kaiser*, 518 N.E.2d at 428.

The Court exercises its broad discretionary power to deny Main Street's request for attorneys' fees and costs. The Court is acutely aware that this is not the usual case and that counsel has likely had difficulty analyzing and responding to Draper's accusatory and rambling filings. However, given Draper's status as a pro se litigant, the relatively simple basis on which the Court dismissed his complaint, and a desire to avoid costly and almost certainly fruitless continued litigation to enforce any fee award, the Court **DENIES** the fee request.

**IT IS SO ORDERED.**

Dated: 4/22/2019

*(signature)*
HAYWOOD S. GILLIAM, JR.
United States District Judge